BEFORE THE THIRD DIVISION, MARCH 10, 1955

**No. 58816.**—The May Department Stores Co. *v*. United States, protest 143897–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of decorated porcelain articles, not tableware or kitchenware, composed of a vitrified nonabsorbent body which, when broken, shows a vitrified or vitreous fracture, containing more than 25 percent of calcined bone, the claim of the plaintiff was sustained.

**No. 58817.**—Schenley Import Corp. *v*. United States, protests 129962–K and 136658–K (Philadelphia).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508) and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.

**No. 58818.**—Gehrig, Hoban & Co., Inc. *v*. United States, protest 185958–K (A) (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the articles herein are similar in all material respects to the mustard jars the subject of *Julliard Fancy Foods Co.* v. *United States* (33 Cust. Ct. 1, C. D. 1625), the claim of the plaintiff was sustained.